EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Agosto Vázquez, Et Als.<br><br>Demandantes-Recurridos<br><br>v.<br><br>Policía de Puerto Rico, Et Als.<br><br>Demandados-Peticionarios | Certiorari<br><br>2005 TSPR 114<br><br>165 DPR _____ |

Número del Caso: CC-2003-165

Fecha: 23 agosto de 2005

Tribunal de Apelaciones:

               Circuito Regional I San Juan Panel I

Juez Ponente:

               Hon. Liana Fiol Matta

Oficina del Procurador General:

               Lcda. Lizette Mejías Avilés
               Procuradora General Auxiliar

Abogados de la Parte Recurrida:

               Lcdo. Alberto Omar Jiménez Santiago
               Lcdo. Marco Rosado Conde

Materia: Sentencia Declaratoria

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Agosto Vázquez, Et Als.<br><br>Demandantes-Recurridos<br><br>v.<br><br>Policía de Puerto Rico, Et Als.<br><br>Demandados-Peticionarios | CC-2003-165<br><br>Certiorari |

PER CURIAM

San Juan, Puerto Rico a 23 de agosto de 2005.

I

El 15 de abril de 1994 José Agosto Vázquez y otros 123 agentes adscritos a la Policía de Puertos solicitaron una sentencia declaratoria en el Tribunal de Primera Instancia.[1]

---

[1] La demanda fue enmendada en tres ocasiones para aumentar el número de codemandantes a un total de ciento veinticuatro policías.

Es menester indicar que previo a solicitar la sentencia declaratoria en el tribunal de instancia, los agentes reclamaron el pago suplementario al entonces Superintendente de la Policía, Lcdo. Ismael Betancourt y Lebrón. El 11 de abril de 1991 el Tnte. José Dávila Sánchez, entonces coordinador de la Policía de Puertos y jefe de dicha unidad, cursó un memorando al entonces Superintendente, solicitándole que se les concediera el pago suplementario a los miembros de dicha unidad, conforme la Orden General Núm. 75-8 de 15 de diciembre de 1975 (en adelante Orden General Núm. 75-8). En el memorando se indicó que por ser la Policía de Puertos una unidad especializada, sus miembros tenían derecho a recibir dicho pago. Esta comunicación fue referida al Cnel. Quirpa Pérez

Alegaron que pertenecían a una unidad especializada de la Policía y que sus labores conllevaban un alto riesgo para sus vidas, factores que los cualificaban para recibir el pago suplementario de hasta tres pasos por mérito en la escala salarial dispuesto por el Art. 11 de la Ley Núm. 26 de 22 de agosto de 1974, según enmendada (en adelante Ley Núm. 26).[2] En su contestación a la demanda la Policía negó que la unidad fuese una especializada ya que la responsabilidad impuesta a sus miembros era idéntica a la que recaía sobre los demás agentes del orden público.

El tribunal de instancia designó al Lcdo. Guillermo Garau Díaz como Comisionado Especial para que examinara las alegaciones de las partes y rindiera el informe correspondiente. Luego de recibir la prueba presentada por las partes, el Comisionado rindió su informe el 3 de

---

Continuación Nota al calce Núm. 1 . . .

Collazo, Comandante del área de Carolina, quien recomendó favorablemente la concesión del pago solicitado. El 15 de mayo de 1991 el teniente Dávila Sánchez sometió un informe en el cual recomendó la concesión del pago suplementario a los agentes adscritos a la Policía de Puertos, retroactivo a 1987, fecha en la que se creó dicha unidad.

A pesar de contar con las recomendaciones favorables para autorizar los pagos, el Superintendente no contestó la solicitud de los agentes. En vista de ello, éstos acudieron en apelación ante la Junta de Apelaciones del Sistema de Administración de Personal, sin embargo, mediante resolución de 17 de junio de 1993, dicho foro determinó que carecía de jurisdicción para entender en el asunto.

[2] La citada disposición fue derogada por la Ley Núm. 53 de 10 de junio de 1996, 25 L.P.R.A. secs. 3104 *et seq.* No obstante, haremos referencia a la Ley Núm. 26, *supra*, por ser la vigente al momento en que se presentó la reclamación de marras.

febrero de 2002. Concluyó que la Policía de Puertos era una unidad especializada desde su creación en 1987 y que los agentes adscritos a ésta, de ordinario, no desempeñaban las labores rutinarias de los otros miembros de la Policía. El Comisionado señaló que el reclutamiento de dichos agentes resultaba difícil por requerirse ciertos conocimientos especializados, por lo que también se dificultaba su traslado o reemplazo. Indicó, además, que a los miembros de dicha unidad se les requería someterse a varios adiestramientos ofrecidos por la Administración Federal de Aviación (en adelante F.A.A., por sus siglas en inglés) y que también recibían adiestramientos relacionados a las funciones que desempeñaban, distinto a otros miembros de la Policía. Finalmente, el Comisionado señaló que la labor llevada a cabo por los agentes de puertos, por su propia naturaleza, conllevaba un alto riesgo, ya que frecuentemente estaban expuestos a peligros. En consideración a lo anterior, determinó que los agentes recurridos eran acreedores al pago suplementario de por lo menos un paso por mérito, retroactivo a junio de 1991, fecha cuando se sometió la solicitud del pago ante la agencia.

Luego de varios incidentes procesales, el foro de instancia aceptó y adoptó las determinaciones de hecho y conclusiones de derecho del Comisionado. Resolvió que los agentes tenían derecho a recibir un pago suplementario por llevar a cabo funciones especializadas. En consecuencia,

ordenó al Superintendente de la Policía que encomendara a la unidad correspondiente dentro de dicha agencia realizar los cómputos necesarios de manera que se efectuaran los pagos dentro de un término de sesenta días. Los agentes presentaron entonces una moción de reconsideración y conclusiones de derecho adicionales donde adujeron que el pago debía ser retroactivo a 1987, fecha de la creación de la unidad de puertos, y no a 1991, como resolvió el foro sentenciador. El tribunal de instancia acogió las conclusiones de derecho solicitadas; no obstante, rehusó extender la retroactividad del pago a 1987. Los agentes solicitaron reconsideración en lo referente a la retroactividad del pago, pero ésta fue denegada.

Del anterior dictamen recurrieron tanto la Policía como lOs agentes ante el Tribunal de Apelaciones. De una parte, los agentes plantearon que el pago debía ser retroactivo a 1987. De otra parte, la Policía adujo que el foro sentenciador erró al resolver que la unidad de puertos fuese una especializada ya que dicha clasificación únicamente respondía a propósitos funcionales y organizativos, al igual que ocurría en las demás unidades de dicha agencia y, por tanto, los agentes no eran acreedores del pago suplementario solicitado. El tribunal apelativo intermedio confirmó la sentencia recurrida al resolver que la prueba presentada demostraba que, desde su creación, la Policía de Puertos fue clasificada como una unidad especializada, por lo cual sus miembros debían

recibir el pago suplementario. Además, determinó que el pago debía ser retroactivo a 1987, a tenor la Ley Núm. 26, *supra*. Sin embargo, indicó que la retroactividad del pago en cada caso en particular dependía de la fecha de ingreso de los agentes en la Policía de Puertos. Finalmente, devolvió el caso al foro de instancia para que éste celebrase una vista evidenciaria a los fines de determinar la cantidad de pasos que les correspondía a cada agente, la fecha de ingreso de cada uno en la Policía de Puertos y si la reclamación fue instada dentro del término prescriptivo.

Inconforme, la Policía acudió ante nos mediante un recurso de *certiorari* y adujo que había incidido el Tribunal de Apelaciones:

> . . . al concluir que la unidad de puertos realiza funciones especializadas y que, por ende, sus agentes son acreedores al pago suplementario dispuesto en el Artículo 11 de la Ley Núm. 26 de 22 de agosto de 1974 y la Orden General Núm. 75-8 [de] 15 de septiembre de 1975.

> . . . al proveer que tal pago suplementario será retroactivo a la fecha de creación de la unidad de puertos, negándole discreción al Superintendente en tal determinación, así como al intimar que procedería la concesión de más de un paso.

## II

En síntesis, el recurso ante nos requiere que determinemos si los agentes recurridos, adscritos a la Policía de Puertos, tienen derecho a percibir un pago suplementario por pertenecer a una unidad especializada de la Policía. De contestar esta interrogante en la

afirmativa, será necesario resolver la fecha de efectividad de dicho pago.[3]

La Policía es un organismo civil de orden público con la obligación de proteger a las personas, la propiedad, mantener el orden, prevenir los delitos y compeler a la observancia de las leyes y reglamentos. Art. 3 de la Ley Núm. 26, *supra*. Para cumplir con los anteriores deberes, el legislador delegó en el Superintendente la facultad de determinar por Reglamento "la organización y administración de la Policía, las obligaciones, responsabilidad y conducta de sus miembros y cualquier otro asunto necesario para el funcionamiento del Cuerpo". Art. 7 de la Ley Núm. 26, *supra*. (Énfasis suplido.) En el ejercicio de dicha facultad, éste creó la Policía de Puertos, mediante la Orden General Núm. 87-15 de 3 de septiembre de 1987 (en adelante Orden General Núm. 87-15).

---

[3] Para vindicar su alegado derecho al pago suplementario, los agentes utilizaron el mecanismo procesal de la sentencia declaratoria. Conforme la Regla 59.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, "[e]l Tribunal de Primera Instancia tendrá autoridad para declarar derechos, estados y otras relaciones jurídicas aunque se inste o pueda instarse otro procedimiento". La sentencia declaratoria es un mecanismo remedial y profiláctico que permite anticipar la diludicación en los méritos de cualquier reclamación ante los tribunales, cuando exista un peligro potencial para el promovente. Sánchez v. Secretario de Justicia, res. el 28 de junio de 2002, 157 D.P.R. ___ (2002), 2002 TSPR 98, 2002 JTS 105. Al tomar en consideración que los agentes han alegado una violación a la Ley Núm. 76, *supra*, al no percibir la bonificación adicional dispuesta en dicho estatuto, y en atención al alto interés público del que están revestidas las reclamaciones laborales, entendemos que la sentencia declaratoria es un vehículo adecuado para la vindicación de sus derechos.

La mencionada Orden estableció: "[m]ediante esta Orden se organiza la Policía de Puertos. **Esta será una <u>unidad de trabajo especializada</u> en la vigilancia de puertos marítimos y aeropuertos**". (Énfasis suplido.) Un examen de la referida orden revela que el propósito fue crear una unidad especializada de trabajo para proveer vigilancia veinticuatro horas al día en los aeropuertos y puertos marítimos del país y mantener una estrecha coordinación con las agencias federales y estatales que también intervienen en las zonas portuarias para detectar la introducción ilegal de sustancias controladas, personas indocumentadas, armas, explosivos ilegales y otros tipos de contrabando. Por su naturaleza, el funcionamiento de la unidad está estrechamente relacionado con la Autoridad de Puertos. Ambas agencias otorgaron un contrato de servicios policíacos mediante el cual la Policía se obligó a asignar a ciertos agentes para ofrecer vigilancia portuaria. De acuerdo con los términos del contrato, la Autoridad de Puertos, por su parte, se obligó a sufragar los sueldos de los agentes, así como los aumentos anuales que fuesen concedidos.[4]

La Policía de Puertos, además de tener los mismos deberes y responsabilidades que el resto de los agentes del orden público, tiene la obligación de intervenir en casos de desastres aéreos o marítimos y amenaza o localización de artefactos explosivos en las zonas portuarias, entre otras

---

[4] Contrato de servicios policíacos, 8 de febrero de 1991, cláusulas 1 y 6.

funciones. Además de establecer expresamente dicha unidad como una especializada, la Orden General Núm. 87-15 dispuso que "[l]os miembros de la Fuerza asignados a la Policía de Puertos, **no podrán ser utilizados para prestar servicios en otros programas"**. (Énfasis suplido.)

Para cumplir sus funciones obligaciones se requiere a los integrantes de la mencionada unidad estar familiarizados con las leyes y reglamentos de la Autoridad de los Puertos. Además, algunos de sus miembros deben ser bilingües, por ofrecer sus servicios en zonas turísticas.[5] De otra parte, antes de integrarse a la unidad, los agentes deben asistir a un seminario de seguridad aeroportuaria, que ofrece la F.A.A. en coordinación con la Autoridad de Puertos, y a un adiestramiento conocido como *Security Identification Display Area*, el cual es indispensable para que los agentes puedan tener acceso al área operacional de los puertos. Los agentes también deben estar adiestrados en el área de manejo de pasajeros.[6] En lo concerniente al recurso ante nos, los agentes recurridos no sólo fueron sometidos al adiestramiento descrito anteriormente previo a integrarse a la Policía de Puertos, sino que algunos de ellos, además, tomaron otros seminarios, tales como: *Civil Aviation Security – Special Interest Seminar*, *Civil Aviation Security – Crisis, Airport Interdiction*, Sistema

---

[5] *Id.*, cláusula 12(c).
[6] Véase Informe del Comisionado Especial, pág. 6.

de data móvil y Secuestro y toma de rehenes, contrabando de drogas y explosivos.[7]

De lo anterior se puede colegir que, contrario a lo alegado por la Policía, la unidad de puertos es una especializada por disposición expresa de la Orden General Núm. 87-15 y por el trato que han recibido sus integrante, tanto en las funciones desempeñadas como en la preparación requerida, que incluye no solamente el adiestramiento ordinario a un miembro de la Policía, sino una capacitación en la que intervienen las agencias federales relacionadas con la vigilancia portuaria. Si bien es cierto que cada unidad de trabajo dentro del cuerpo policial ejerce una función particular para fines organizativos y funcionales, como alega la Policía, no es menos cierto que existen ciertas unidades que pueden considerarse especializadas por la naturaleza del trabajo que desempeñan, así como por su adiestramiento y funcionamiento interno. A la luz de lo anterior, actuó correctamente el foro apelativo intermedio al reconocer la naturaleza especializada de la Policía de Puertos.

III

Luego de resolver que la Policía de Puertos es una unidad especializada, debemos determinar si sus miembros son acreedores a una compensación adicional por sus servicios.

---

[7] *Id.*, págs. 6-7.

El Art. 11(c) de la Ley Núm. 26, *supra*, establece, en lo pertinente, que "[e]l Superintendente tendrá facultad para conceder pagos suplementarios de sueldos a miembros de la Fuerza". En lo pertinente al recurso ante nos, entre las condiciones que ameritan la concesión de un pago suplementario se encuentran: rendir servicios especiales o excepcionalmente meritorios, rendir **servicios en funciones especiales** y ofrecer servicios especiales que constituyen un riesgo adicional para la vida del agente. En tales casos el pago suplementario será de hasta tres pasos en la escala salarial. La ley dispuso que el pago sería descontinuado cuando no existiesen las razones que dieron lugar a su concesión.

En el ejercicio de la facultad que le fue conferida, el Superintendente aprobó la Orden General Núm. 75-8. La citada orden estableció las condiciones de trabajo que justifican la concesión del pago suplementario, que son idénticas a las mencionadas en el Art. 11(c) de la Ley Núm. 26, *supra*, y, por tanto **incluye a los agentes que prestan servicios especiales**.

Posteriormente, el Superintendente aprobó la Orden General Núm. 95-10 de 20 de septiembre de 1995 (en adelante Orden General Núm. 95-10). En ésta, permanecieron inalteradas las condiciones para recibir un pago suplementario mencionadas previamente, entre las que se

encuentra la prestación **servicios en funciones especiales.**[8]
Además, se incluyeron definiciones más específicas, que
pueden ser ilustrativas para la adjudicación de la presente
controversia. La referida Orden definió pago suplementario
como "[l]a compensación adicional y separada del sueldo del
miembro de la Policía **que puede conceder el
Superintendente, a tono con las disposiciones del Artículo
11, inciso (c) de la Ley de la Policía,** según enmendada".
(Énfasis suplido.) De otra parte, dispuso que los
servicios en funciones especiales, son "[a]quellos que
aunque tienen relación directa con los deberes y
responsabilidades de los miembros de la Fuerza, **no son
desempeñados común y rutinariamente por todos éstos sino
por <u>grupos determinados</u>**".

De un examen en conjunto de la Ley Núm. 26, *supra*, y
de las órdenes aprobadas por el Superintendente se puede
colegir con meridiana claridad que **el propio Art. 11(c)
confirió una compensación adicional como pago suplementario
a aquellos agentes del orden público que prestan servicios
en unidades especializadas.** De igual forma dispuso el
Superintendente en las órdenes a esos efectos. Este pago se
fundamenta en que aunque dichos agentes ejercen las mismas
funciones que el resto de los miembros de la Policía,

---

[8] La referida Orden estableció también un pago
diferencial, que fue definido como "[l]a compensación
especial, adicional y separada del sueldo regular, que se
podrá conceder cuando la ubicación geográfica del puesto,
las condiciones especiales del trabajo, los conocimientos
especiales requeridos o las dificultades extraordinarias en
el reclutamiento y/o retención de personal para ciertos
puestos lo justifiquen".

además, desempeñan tareas particulares para las cuales han recibido un adiestramiento especial. Incluso dicho pago podría servir como incentivo por tareas que únicamente llevan a cabo grupos específicos o unidades especializadas. Resolvemos que por constituir la Policía de Puertos una unidad especializada, los agentes recurridos son acreedores al pago suplementario establecido en el Art. 11(c) de la Ley Núm. 26, *supra*. En consecuencia, el primer error no fue cometido.

IV

En su segundo señalamiento la Policía alega que incidió el foro apelativo al resolver que el pago debe ser retroactivo a la fecha de la creación de la unidad de puertos, es decir, 1987. Este error tampoco fue cometido.

Como indicamos previamente, la Orden General Núm. 87-15, mediante la cual se estableció la Policía de Puertos en 1987, expresamente dispuso que ésta sería una unidad de trabajo especializada. Para entonces se encontraba en vigor el Art. 11(c) de la Ley Núm. 26, *supra*. En vista de lo anterior es forzoso concluir que desde que se organizó la Policía de Puertos 1987 sus integrantes son acreedores a percibir el pago suplementario por ofrecer servicios en funciones especiales. Resolvemos, pues, que los agentes recurridos deben recibir retroactivamente al 1987 los pagos suplementarios adeudados desde la fecha en que se presentó

la demanda. Por supuesto, los agentes deberán acreditar que durante el tiempo referido anterior a la presentación de la demanda ellos, efectivamente, estuvieron adscritos a la Unidad de Puertos.

Con relación al número los pasos a los que tiene derecho cada agente en concepto de pago suplementario, el Art. 11(c) de la Ley Núm. 26, *supra*, no dispuso la cantidad específica a concederse a los agentes que rindan servicios en funciones especiales, sino que estableció que éstos podrán recibir "hasta tres pasos" en la escala salarial. Lo mismo se indicó en las Órdenes Generales Núms. 75-8 y 95-10. De esta forma tanto la legislación como las órdenes de la agencia concedieron discreción al Superintendente para determinar la cantidad de pasos a ser concedida, que nunca puede exceder de tres. Lo anterior permite que el Superintendente pueda conceder los beneficios de acuerdo con los recursos económicos del organismo, de las funciones particulares que lleva a cabo cada unidad y del desempeño de cada agente. Resolvemos, por lo tanto, que corresponde al Superintendente determinar la cantidad de pasos a la que es acreedor cada agente. Erró el foro intermedio al ordenar la celebración de una vista evidenciaria sobre este particular.

La conclusión a la que hoy llegamos vindica y hace efectivo un beneficio económico adicional que el legislador concedió a los agentes del orden público que laboran en una unidad especializada y que arriesgan su propia seguridad

por el bienestar de la ciudadanía y para mantener el orden en nuestra sociedad.

V

Por los fundamentos antes expuestos, se dictará sentencia para modificar el dictamen emitido por el Tribunal de Apelaciones y devolver el caso a la agencia peticionaria a los fines de que el Superintendente determine la cantidad de pasos a la que cada agente tiene derecho por concepto de pago suplementario y para que compute el total adeudado a cada uno de ellos, a tenor con lo aquí resuelto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| José Agosto Vázquez, Et Als.<br><br>Demandantes-Recurridos<br><br>v.<br><br>Policía de Puerto Rico, Et Als.<br><br>Demandados-Peticionarios | CC-2003-165<br><br>Certiorari |

SENTENCIA

San Juan, Puerto Rico a 23 de agosto de 2005.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se modifica el dictamen emitido por el Tribunal de Apelaciones y se devuelve el caso a la agencia peticionaria a los fines de que el Superintendente determine la cantidad de pasos a la que cada agente tiene derecho por concepto de pago suplementario y para que compute el total adeudado a cada uno de ellos, a tenor con lo aquí resuelto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. La Juez Asociada señora Fiol Matta está inhibida.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo